Anne Daniel was to take the negro and horse, if Elizabeth Harris should depart this life "without heir lawfully begotten of her body." This is in substance a limitation over after a dying without issue. The limitation is too remote. The absolute property vested in the first legatee, and the demurrer must be overruled.
Cited: Rice v. Satterwhite, 21 N.C. 71.
NOTE — If this decision be correct, it would seem that in construing devises the court will not look to the subject-matter of the devise as a circumstance from which the intention of the testator may be inferred; for it is evident that in limitations of interests in individual animals, whose period of existence is shorter than that of man, the limitations over must vest, if at all, within the period of a life or lives in being and twenty-one years afterwards. In construing *Page 43 
devises, the object of the court is to ascertain the intention of the testator, and, if legal, to give it effect. In inferring this intention from circumstances, where it is not plainly expressed, courts are governed by certain technical rules, which have been established for the purpose of aiding the court to find out the intention. Among these rules, one which seems to have the most extensive influence is this, "that wherever an executory devise is limited to take effect, after a dying without heirs orwithout issue, subject to no other restriction, the limitation is void; because in such cases the testator will be presumed to have intended to render the estate unalienable until there should be a general definite failure of issue. "This rule, however, was found in its application often to defeat the intention of testators, and some exceptions were made to it: one in particular, that if the subject-matter of the devise was realestate, and the devise made in words which created an estate tail by implication, the limitation over shall be void; but if of personal estate, the court will consider the intention of the testator, and support the limitation over, if there be the most trifling circumstance to show the intention to be legal. This exception is founded upon the fact that in construing devises the court will look to the subject-matter of the devise. In the above case the bequest to Elizabeth Harris is in words which, if applied to a freehold, would not create an express estate tail; they create such estate by implication only. There is no such limitation as must, in its legal operation, constitute an estate tail. Then, it is open to the court to consider the intention of the testatrix. 1 Term, 593. And if we look to the subject-matter of the bequest, can we doubt the intention? When the testatrix limits over a negro man slave, "after a dying without heir of the body of Elizabeth Harris," can she be supposed to have intended that this limitation should not vest until a longer period than a life in being and twenty-one years afterwards, when the negro could not by possibility live so long? The same question may be asked more emphatically as to "a horse." If the intention of a testator is to be collected, in the language of Mr. Justice Wilmot, 3 Bur., 1533, "from the whole of the will, exvisceribus testamenti," and circumstances are to be looked to for this purpose, does not the subject-matter of the devise often constitute one of the most decisive? It would seem strange that in construing devises the court would take notice whether the estate be real or personal, and give a different construction as it might be the one or the other, and yet refuse to take notice that the personal estate is of the such kind that it cannot by possibility of nature be in esse after the period of a life in being and twenty-one years afterwards. In the above case of Matthews v. Daniel, the Court must have founded their judgment upon one of two grounds: first, that the technical rules of construction forbade them from considering the intention of the testatrix; or, secondly, that in cases open for considering the intention, the subject-matter of the devise will not be looked to as a circumstance from which the intention may be inferred. It is not probable their judgment was rested upon the first ground; for the technical rule is, "that where there is an express limitation of a chattelby words, which, if applied to a freehold, would create an express estate tail, the whole interest vests absolutely in the first taker, and a limitation over of such a chattel is too remote to take effect; but where there is no such express legal limitation, the court will consider theintention of the testator." Lyde v. Lyde, 1 Term, 593. In the above case there is no such express *Page 44 
legal limitation; the words, if applied to a freehold, would create an estate tail by implication only. The technical rule therefore left the court at liberty to consider the intention of the testatrix, to reject the artificial and technical sense of the words "dying without heir lawfully begotten of her body," and of using those words in their natural meaning and for that purpose which is in favor of common sense; and for using those words in this meaning and for this purpose, Lord Chief Justice Wilmot
observes, in Kelly v. Towler, the most trifling circumstance is sufficient in all cases where the court is at liberty to consider the intention of the testator. In the selection of circumstances to ascertain the meaning of the testator, no reason can be assigned why the subject-matter of the devise, which in many instances is more indicative than any other circumstance, should be excluded. — REPORTER.
(43)